IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS WALTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2581 |
| | § | |
| OLD AMERICAN COUNTY | § | |
| MUTUAL FIRE INSURANCE CO. | § | |
| AND EMPOWER INSURANCE GROUP | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Curtis Walter has sued Old American County Mutual Fire Insurance Co. and Empower Insurance Group, asserting that the defendants denied him benefits under a personal auto policy in bad faith. The defendants moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Walter's complaint stated only Texas state-law claims and all the parties are Texas citizens. (Docket Entry No. 6). Walter filed a response, a motion for leave to amend his complaint, and a memorandum in support of his motion. (Docket Entries No. 7–9). The basis for these pleadings was that Walter had stated a valid claim for relief under Texas law.

This court must grant the defendants' motion because there is no federal jurisdiction over this lawsuit. Walter's complaint is dismissed. He may refile it in the appropriate state court but further efforts to amend in this federal court would be futile. Walter's motion for leave to amend is therefore denied. The reasons for these ruling are set out below.

## I. The Legal Standard for Federal Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). There are generally two possible sources of federal jurisdiction for a district court: (1) federal-question jurisdiction, for cases arising under the Constitution or federal law, and (2) diversity of citizenship. 28 U.S.C. §§ 1331–1332. The burden to establish federal jurisdiction is on the party invoking jurisdiction. *Howery*, 243 F.3d at 916.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). There are two types of 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks. *E.g.*, *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012); *Russell v. City of Houston*, 808 F. Supp. 2d 969, 972 (S.D. Tex. 2011) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings." *Russell*, 808 F. Supp. 2d at 972 (citing *Paterson*, 644 F.2d at 523). The pleading's allegations are presumed to be true, and "[i]f those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (citing *Paterson* , 644 F.2d at 523).

## II. Analysis

### A. Federal-Question Jurisdiction

Federal-question jurisdiction arises when a plaintiff "set[s] forth allegations 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing 28 U.S.C. §§ 1331, 1441(b)) (internal quotation marks omitted). Whether a case supports federal-question jurisdiction is determined by the "well-pleaded complaint" rule. *Id.* (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152–53 (1908)). If, on its face, the plaintiff's complaint raises no issue of federal law, federal-question jurisdiction is lacking. *Id.* (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

In his complaint, Walter asserts that his "causes of action involve questions of federal law." (Docket Entry No. 1, ¶ 3). He states as the only basis for this court's jurisdiction that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (*Id.* citing 28 U.S.C. § 1331)). Walter's complaint, however, reveals no allegation under, or issues of, federal law. Walter asserts claims against the defendants for alleged breach of the duty of good faith and fair dealing and alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the Texas Administrative Code. None implicates federal law in any way.

Even generously construed, Walter's *pro se* complaint fails to show the presence of federal-question jurisdiction. Walter asserts that his suit is brought "under the authority granted to him under the Constitution and laws of the State of Texas." (*Id.*, ¶ 1). This appears to refer to the Texas Constitution. Even if it was intended to refer to the United States Constitution, it would not create federal-question jurisdiction. There is no mention of any particular constitutional provision or a claim that any constitutionally protected right

3

has been infringed. A vague reference to "the Constitution" does not establish federal-question jurisdiction. *See, e.g.*, *Maguire v. Telcom Global Solutions, Inc.*, No. Civ.A.3:02–CV–1728–G, 2003 WL 124475 (N.D. Tex. Jan. 10, 2003) ("'[M]ere reference to the Federal Constitution, laws or treaties [is] not adequate to disclose a federal question.'" (second alteration in original) (quoting *Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976))); *see also Marie v. Vicksburg Chem.*, No. 2:07cv343KS-MTP, 2008 WL 346093, at *3 (S.D. Miss. Feb. 6, 2008) (stating that a *pro se* complaint that made "numerous vague and unspecified references to 'constitutional laws,' 'constitutionality,' and 'an unconstitutional act'" did not establish federal-question jurisdiction). The factual allegations make it even more clear that there is no federal claim. Federal-question jurisdiction is not present.

### B. Diversity Jurisdiction

The other general basis for federal subject-matter jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). A federal court may not exercise jurisdiction over a case unless "[e]very plaintiff [is] diverse from every defendant." *Politis v. Gavriil*, Civ. A. No. H-08-2988, 2008 WL 4966914, at *6 (S.D. Tex. Nov. 19, 2008).

The civil cover sheet for Walter's complaint shows that he is a citizen of Texas. (Docket Entry No. 1). The defendants are also citizens of Texas. They are incorporated in Texas, have their principal place of business in Texas, or both. *See* 28 U.S.C. § 1332(c). Federal subject-matter jurisdiction based on diversity of citizenship is also absent.

### III. Motion for Leave to Amend

Walter moved for leave to amend his complaint to cure any jurisdictional defect in it. Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotation omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Id.* (quotation omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A plaintiff "may not create jurisdiction by amendment where none currently exists." *Weisskopf v. United Jewish Appeal–Fed'n of Jewish Philanthropies of N.Y., Inc.*, — F. Supp. 2d —, —, 2012 WL 3686692, at *12 (S.D. Tex. 2012) (quoting *TXCAT v. Phoenix Grp. Metals, LLC*, No. H–10–0344, 2010 WL 5186824, at *3 (S.D. Tex. Dec. 14, 2010)) (internal quotation marks omitted).

Granting leave to amend in this case is not appropriate. Because this court has determined that it has no jurisdiction over Walter's suit, this court has no jurisdiction to allow Walter to amend his complaint. *See Weisskopf*, — F. Supp. 2d at —, 2012 WL 3686692, at *12. Even if this court did have jurisdiction, Walter's proposed amendment would be futile. Walter's proposed amendment seeks only to clarify that his complaint states valid causes of action under state law and to remove any question that his complaint might rest on federal law: "The changes proposed in the first amended complaint merely clarify and narrow the

5

issues to be litigated in this action. In particular, [Walter] has attempted to clarify the nature of [his] constitutional claim and has removed any wording that might have given opposing litigants the impression that the plaintiff was alleging a facial challenge of jurisdiction." (Docket Entry No. 8, at 2). In the memorandum accompanying the motion, Walter explains that his suit is brought only under the Texas Insurance Code, the Texas Administrative Code, and "the Constitution and the laws of the State of Texas," and has eliminated all reference to federal law as a basis for jurisdiction. (Docket Entry No. 9, ¶¶ 1, 3). Under his statement of jurisdiction, Walter now states that "[t]his Court has jurisdiction over Plaintiffs' [*sic*] claims pursuant to Article 21.42 of the Texas Insurance Code." (*Id.*, ¶ 3).

By clarifying that his claims arise only under Texas law, Walter makes it even more clear that this federal court is the wrong forum for this case. This case is dismissed, without prejudice to refiling in a Texas state court.

## IV.   Conclusion

The defendants' motion to dismiss for lack of jurisdiction is granted. This case is dismissed without prejudice. Walter's motion for leave to amend is denied.

SIGNED on November 14, 2012, at Houston, Texas.

*Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge